UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-148-T-17TGW

TIMOTHY J. STRONG

### FINAL JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion by the United States for a Final Judgment of Forfeiture, pursuant to 18 U.S.C. § 2253, 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2) for the following computer equipment:

    a.    Dell Dimension 8200 computer, Serial Number 234G711;

    b.    SanDisk Ultra 2 1 GB compact flash drive, no serial number; and

    c.    Three (3) 100 MB Zip cartridges.

The Court, being fully advised in the premises, hereby finds as follows:

1. On June 17, 2011, the Court granted the United States' motion and entered the Preliminary Order of Forfeiture, forfeiting to the United States of America, all right, title, and interest in the computer equipment. (Doc. 16).

2. On June 17, 2011, the defendant was sentenced, and the computer equipment was found subject to forfeiture and included in the Judgment. (Docs. 15, 19).

3. In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture, and of its intent to dispose of the computer equipment, on the official government website, www.forfeiture.gov, from June 21, 2011 through July 20, 2011. (Doc. 20). The publication gave notice to all third parties with a legal interest in the computer equipment to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within sixty (60) days of the first date of publication.

4. No person or entity, other than the defendant, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture, is known to have an interest in the computer equipment. No third party has filed a petition or claimed an interest in the computer equipment, and the time for filing a petition has expired. Thus, any third-party interest in the computer equipment is now barred.

5. The Court finds that the computer equipment is the property of defendant Timothy J. Strong.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is **GRANTED**. It is FURTHER ORDERED that all right, title and interest in the computer equipment is CONDEMNED and FORFEITED to the United States of America, pursuant to the provisions 18 U.S.C. § 2253, 21 U.S.C. § 853(n)(7) and

Fed. R. Crim. P. 32.2(c)(2) for disposition according to law.

Clear title to the computer equipment is now vested in the United States of America.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of SEPT., 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: Anita M. Cream, AUSA